IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Pamela Rheinfrank, *et al.*, | : | Case No. 1:13-cv-144 |
| Plaintiffs, | : | Chief Judge Susan J. Dlott |
| v. | : | ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS |
| Abbot Laboratories | : | |
| AND | : | |
| Abbvie Inc., | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' negligent misrepresentation and fraud claims brought under Ohio common law. Doc. 12. For the reasons that follow, the Court **DENIES** Defendants' Motion.

## I. BACKGROUND

Plaintiff Pamela Rheinfrank claims to have taken Depakote, an anti-seizure medication with an active ingredient called valproate for many years including while pregnant with her daughter, Maria Durham. On July 25, 2004, Ms. Rheinfrank gave birth to Ms. Durham, who was born with multiple severe birth defects and diagnosed with fetal valproate syndrome. Ms. Durham suffers from permanent physical impairment and requires special education.

Abbot Laboratories began producing Depakote in 1978.[1] Plaintiffs allege that Depakote, and its active ingredient valproate, caused the birth defects which afflict Ms. Durham. They allege that scientific research as early as 1980 showed the teratogenicity of Depakote, and that

---

[1] Abbot split into Abbot Laboratories and Abbvie, Inc. in 2013.

more research since then has confirmed these dangers. Plaintiffs claim that despite knowing these risks (or in negligent disregard to them), Defendants failed to warn consumers of the teratogenic effects of Depakote, placed false and misleading information on product labels and advertising material, and denied a cause and effect relationship between Depakote and teratogenic births.

In their Amended Complaint, Plaintiffs plead ten causes of action; the only one under discussion here is the fifth, alleging common law negligent misrepresentation and fraud. In their motion to dismiss the fifth cause of action, Defendants argue that (1) Plaintiffs failed to plead separate, independent claims for fraud and negligent misrepresentation, (2) negligent misrepresentation must be pled with particularity per Fed. R. Civ. P. 9(b) and Plaintiffs have failed to do so; and (3) Plaintiffs' claim for fraud fails to meet the Rule 9(b) heightened pleading standard. Plaintiffs respond that negligent misrepresentation is subject to Rule 8(a) notice pleading, that both claims are adequately pled under either Rule 8(a) or Rule 9(b), and that if they did not properly plead these claims then the Court should grant them leave to amend the complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide fair notice of the claim and must make factual allegations suggesting that the plaintiff is entitled to relief under those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Most claims are pled under the lenient Rule 8(a) notice pleading standard. Claims of fraud, however, must be pled with particularity under Fed. R. Civ. P. 9(b) and must "(1) . . . specify the allegedly fraudulent statements; (2) . . . identify the speaker; (3) . . . plead when and where the statements were made; and (4) . . . explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). While reviewing a motion to dismiss, a court "must construe the complaint in the light most favorable to the plaintiff

and treat all well-pleaded allegations contained therein as true." *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 814 (S.D. Ohio 2012) (internal citations omitted).

## III. ANALYSIS

### A. Fraud Claim Is Independent of Negligent Misrepresentation Claim.

The first question presented by Defendants' motion to dismiss the fifth claim for relief is whether Plaintiffs sufficiently made separate claims for negligent misrepresentation and fraud. Defendants argue that Plaintiffs have failed to do so and thus would have to plead *both* claims under the heightened Rule 9(b) standard: "When a party brings both fraud and negligent misrepresentation claims but fails to plead an independent basis of liability for each of the claims, courts will apply Rule 9(b)'s standard to both claims." *In re Nat'l Century Fin. Enters., Inc. Inv. Litig.*, 504 F. Supp. 2d 287, 322 (S.D. Ohio 2007) (citing cases from other circuits). But "[s]tatements which do not rise to the level of fraud may nonetheless constitute actionable misrepresentations if they are based in good faith yet still coupled with negligence," *Barr v. Lauer*, No. 87514, 2007 WL 117502, at *3 (Ohio Ct. App. Jan. 18, 2007) (internal quotations omitted). *See also Nat'l Century*, F. Supp. 2d at 322 (finding a negligent misrepresentation claim independent of fraud claim where plaintiff alleged a duty and a failure of ordinary care in executing that duty).

> The standard for negligent misrepresentation was set by the Ohio Supreme Court:
>
> A person who, in the course of his business, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Gutter v. Dow Jones, Inc.*, 490 N.E.2d 898, 900, 22 Ohio St. 3d 286, 288 (Ohio 1986). *See also Delman v. City of Cleveland Heights*, 544 N.E.2d 835, 838, 41 Ohio St. 3d 1, 4 (Ohio 1989). In

contrast,

> [t]o prove a claim for common law fraud under Ohio law, a plaintiff must prove: (a) *a representation or, when there is a duty to disclose, concealment of a fact,* (b) which is material to the transaction at hand, (c) *made falsely, with knowledge of falsity,* or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir. 2000) (citing *Burr v. Bd. of Cnty. Comm'rs*, 491 N.E.2d 1101, 1105, 23 Ohio St. 69, 72 (Ohio 1986) (emphasis added)). Thus, a claim for fraud can be based on either a misrepresentation or, along with an alleged duty to disclose, concealment, whereas a claim for negligent misrepresentation requires an allegation that the defendant affirmatively supplied false information. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 506 (6th Cir. 2003).

Plaintiffs have pled elements of both fraud and negligent misrepresentation. Although both claims rest on some of the same facts, because Plaintiffs pled both the affirmative inclusion of false information (negligent misrepresentation), and the fraudulent concealment of other information despite an alleged duty (fraud), they "sufficiently set forth a basis for [negligent misrepresentation] liability that is independent of the fraud claim." *Nat'l Century*, 504 F. Supp. 2d at 323. Specifically, Plaintiffs allege that Defendants knew valproate was or could be a teratogen but denied a causal relationship between Depakote and birth defects and represented that their product was as safe as or safer than other prescription anti-seizure medications available. Thus, Plaintiffs adequately pled an independent basis of liability for the negligent misrepresentation claim based on the affirmative inclusion of false information. Separately, Plaintiffs allege that Defendants concealed material warnings. In particular, Plaintiffs claim that Defendants concealed the recommendation that pregnant women avoid high doses of valproate, and the

4

increased risk of cognitive deficits caused by the use of Depakote. The allegations of concealment, together with the allegation that Defendants had a duty to disclose, constitute an independent basis for liability for the claim of fraud. For these reasons, the Amended Complaint sets forth a claim of negligent misrepresentation that is independent of the fraud claim.

### B. Negligent Misrepresentation Claim Is Well-Pled.

#### 1. Negligent misrepresentation should be pled under Rule 8(a).

Since the Amended Complaint sets forth two independent claims under the fifth cause of action, the next question is whether, under substantive state law, the negligent misrepresentation claim should be analyzed under the notice pleading standard of Fed. R. Civ. P. 8(a) or under the heightened, fraud-based standard of Fed. R. Civ. P. 9(b). Defendants argue that under relevant precedent, negligent misrepresentation claims must be pled under the fraud standard, whereas Plaintiffs cite a contrary case holding to the more lenient Rule 8(a) standard.

Defendants rely on *Mulbarger v. Royal Alliance Assocs., Inc.*, No. C-2-96-0739, 1999 WL 33432317, at *2 (S.D. Ohio Dec. 22, 1999), *aff'd*, 10 F. App'x 333 (6th Cir. 2001). In *Mulbarger* the court stated without discussion that "[t]he standards of Rule 9(b) apply to [state law] claims of negligent misrepresentation," relying upon cases from the Ninth[2] and the Second[3] Circuits which applied state law. *Id.* The *Mulbarger* decision contains no examination of Ohio law. The Defendants also rely on *In re SmarTalk Teleservices, Inc. Securities Litigation* for its proposition that Rule 9(b) applies to state law claims of negligent misrepresentation. 124 F. Supp. 2d 487, 502 (S.D. Ohio 2000). However, that case explicitly states that "Massachusetts law applies to

---

2 *Eder v. Allstate Ins. Co.*, 60 F.3d 833 (9th Cir. 1995) (applying California law).
3 *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996) (citing *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (applying New York state law to claim of negligent misrepresentation)).

5

Defendants' negligent misrepresentation claims." *Id.* Thus, these precedents are not particularly persuasive because the cited authorities are not binding on this Court and do not apply Ohio law.

A later, more useful Sixth Circuit case held that "[w]hether a state-law claim sounds in fraud, and so triggers Rule 9(b)'s heightened standard, is a matter of substantive state law, on which we must defer to the state courts." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (internal citations omitted) (discussing pleading standards for negligent misrepresentation claim based upon Kentucky law). The question under *Republic Bank* thus becomes whether, under substantive Ohio law, negligent misrepresentation sounds in fraud.

A review of Ohio case law shows that negligent misrepresentation claims do not sound in fraud and are treated separately. In *National Century*, the U.S. District Court for the Southern District of Ohio found that the application of Rule 8(a) to Ohio negligent misrepresentation claims is "supported by Ohio case law making clear that fraud and negligent misrepresentation are separate and distinct . . . ." 504 F. Supp. 2d at 323 (citing *Dejaiffe v. KeyBank USA Nat'l Ass'n*, No. L05-1191, 2006 WL 1580053, at *7 (Ohio Ct. App. June 9, 2006) ("reversing district court for failing 'to recognize and consider negligent misrepresentation as a separate claim'"); *Carpenter v. Scherer-Mountain Ins. Agency*, 733 N.E.2d 1196, 1204, 135 Ohio App. 3d 316, 328 (Ohio Ct. App. 1999) ("negligent misrepresentation a 'distinct cause of action'"); and *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.*, 700 N.E.2d 94, 98, 121 Ohio App. 3d 434, 440-41 (Ohio Ct. App. 1997) ("holding that fraud and negligent misrepresentation are 'separate and distinct tort claims'") (parenthetical quotations from *Nat'l Century*, F. Supp. 2d at 323)).

Further, in *Barr v. Lauer*, an Ohio appellate court applied Ohio R. Civ. P. 9(B) in detail to a claim of fraud, but did not apply the heightened pleading standard to claims of negligent misrepresentation, breach of fiduciary duty, breach of contract, and negligence, even though those

6

claims all were based on alleged misrepresentations. 2007 WL 117502, at *3-*4 (applying Ohio R. Civ. P. 9(B) to and dismissing a claim for fraud while allowing a negligent misrepresentation claim to survive when plaintiff simply pled each element of the action). Because whether a state-law claim sounds in fraud is a matter of state law, and because Ohio courts distinguish negligent misrepresentation claims from fraud claims, the Court applies Rule 8(a) to Plaintiffs' claim for negligent misrepresentation and Rule 9(b) to Plaintiffs' fraud claim.

### 2. *The negligent misrepresentation claim was well-pled.*

As discussed in Section III.A, Plaintiffs allege that Defendants affirmatively supplied false information to Plaintiffs when they denied that the relationship between Depakote and birth defects was causal and represented that Depakote was as safe as or safer than other prescription anti-seizure medication when, in fact, they knew or should have known there was a causal relationship. Plaintiffs also pled economic loss and justifiable reliance on the false information.

Construed in the light most favorable to the Plaintiffs, these allegations fulfill the elements of the cause of action and "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court finds the claim of negligent misrepresentation sufficiently pled.

### C. The Fraud Claim Satisfies Rule 9(b) Standards.

#### 1. *Requirements for pleading fraud.*

Fraud claims must be plead with particularity under Fed. R. Civ. P. 9(b), which "requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Reusser v. Saxon Mortgage Servs., Inc.*, No. 2:12-CV-00087, 2012 WL 4108007, at *4 (S.D. Ohio Sept. 19, 2012) (quoting *Republic Bank*, 683 F.3d at 246-47). Scienter may be alleged generally, but there must be factual allegations to make scienter plausible. *Id.*

7

Despite the heightened pleading standard for allegations of fraud, courts must still "consider the policy favoring simplicity in pleading, codified in the short and plain statement of the claim requirement of Federal Rule of Civil Procedure 8," *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006), as well as the overall "purpose of Rule 9(b)'s particularity requirement [to provide] fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *GMAC Real Estate LLC v. Prindle Real Estate, Inc.*, No. 2:07-CV-1017, 2007 WL 4570578, at *1 (S.D. Ohio Dec. 24, 2007) (quoting *Advocacy Org. for Parents & Providers v. Auto Club Ins. Ass'n.*, 176 F.3d 315, 322 (6th Cir. 1999) (internal quotations omitted)). Furthermore, "[t]he rule . . . requires only that the 'circumstances' of the fraud be pled with particularity, not the evidence of the case." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 n.9 (6th Cir. 1988) (citing *Roger v. Lehman Bros. Kuhn Loeb, Inc.*, 604 F. Supp. 222, 225 (S.D. Ohio 1984) (rejecting defendant's claim that plaintiffs needed to supply the names of third parties in the complaint). Indeed, Rule 9(b)'s requirements may be relaxed when discovery has been limited and needed information is in the hands of the opposing party. *Allen v. Andersen Windows, Inc.*, No. 2:12-CV-347, 2012 WL 6644387, at *3 (S.D. Ohio Dec. 20, 2012) ("Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a plaintiff to achieve particularity is held exclusively by the opposing party . . . [Rule] 9(b) does not require a plaintiff to be omniscient.").

      2.     *Plaintiffs' claim for fraud satisfies Rule 9(b) standards.*

Courts in the Southern District of Ohio addressing the adequacy of pleading fraud under Rule 9(b) have found that describing the false nature of a product label is sufficient to satisfy the "where" or "place" requirement of the standard. In *Delahunt v. Cytodyne Technologies*, the plaintiff "alleged the manner in which the product label was misleading or deceptive[,] . . .

8

particular[ly] . . . that the label affixed to [the product] . . . failed to disclose the true dangers associated with taking [the product]." 241 F. Supp. 2d 827, 841 (S.D. Ohio 2003). *See also Rikos v. Procter & Gamble Co.*, 782 F. Supp. 2d 522, 536-37 (S.D. Ohio 2011) (denying a motion to dismiss on Rule 9(b) grounds a claim for fraud where plaintiff alleged fraudulent statements on a product label, satisfying the location requirement of Rule 9(b)); *GMAC Real Estate LLC*, 2007 WL 4570578, at *2 (holding that an allegation of a fraud perpetrated on specified documents meets the "where" requirement of Rule 9(b)). Furthermore, courts in this district have found that an allegation of living in a particular jurisdiction has satisfied the "where" element of Rule 9(b). *Kuvedina, LLC v. Cognizant Tech. Solutions*, No. 2:12-CV-342, 2013 WL 2243744, at *8 (S.D. Ohio May 21, 2013) (denying motion to dismiss a fraud claim that alleged that "the misrepresentation occurred in Mason, Ohio") (internal citations omitted).

As in the above cases, the Amended Complaint alleges that fraudulent misrepresentations were on 2003-2004 Depakote product labels (and advertising materials). Though Plaintiffs did not quote from or attach any Depakote labels, Plaintiffs are not required to present evidence, *Michaels Building Co., N.A.*, 848 F.2d at 680 n.9, and the Amended Complaint provides sufficient notice of the "place" where the allegedly fraudulent statements were made. The Amended Complaint also alleges that the Plaintiffs live in Warren County. *See Kuvedina*, 2013 WL 2243744, at *8. Thus, the Amended Complaint puts Defendants on notice about the location of the alleged fraud and negligent misrepresentations.

The Amended Complaint also notes with particularity the existence of the alleged fraudulent statements and what made them fraudulent—that Defendants knew (or should have known) the true danger of Depakote and did not include that information on the product label. Though Defendants fault Plaintiffs for failing to include the names and dates of the studies

referenced in the Amended Complaint, that information is not required. *Michaels Bldg. Co., N.A.*, 848 F.2d at 680 n.9 (holding that pleading evidence is not required for complaints).

With regard to the "when" element, a Southern District of Ohio court held that allegations "meet the heightened Rule 9(b) standard of pleading" when they "include the approximate time . . . of the statements . . . ." *Kuvedina*, 2013 WL 2243744, at *8 (holding that "on or about March 2010" satisfied the approximate time requirement). Plaintiff was specific with regard to the time period during which she took the drug and when the product labels contained allegedly fraudulent and misleading information. Providing dates for each time the doctor prescribed, and Plaintiff bought and ingested, the drug is unnecessary.

Finally, the Amended Complaint makes factual allegations of the Defendants' mental state, creating a plausible allegation of scienter. Specifically, Plaintiffs allege a financial motive to conceal or negligently misrepresent safety information. In total, Plaintiffs' pleading for fraud is sufficient to survive the required Rule 9(b) analysis.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Partial Motion to Dismiss.

IT IS SO ORDERED.

Chief Judge Susan J. Dlott
United States District Court