IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rheinfrank, et al., | : | |
| Plaintiffs, | : | Case No. 1:13-cv-144 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Abbott Laboratories, Inc., et al., | : | Order Granting in Part and Denying in Part Defendants' Rule 50(a) Motion for Judgment as a Matter of Law |
| Defendants. | : | |

This is a product liability case under Ohio law arising from Plaintiff Pamela Rheinfrank's ingestion of the antiepileptic drug, Depakote[1], during her pregnancy with her daughter, M.B.D. Currently pending before the Court is Defendants' Rule 50(a) Motion for Judgment as a Matter of Law (Doc. 348), which was filed at the close of Plaintiffs' case-in-chief. Plaintiffs oppose Defendants' Motion. (Doc. 353). For the following reasons, Defendants' Motion will be **GRANTED IN PART AND DENIED IN PART**.

I.     **STANDARDS GOVERNING RULE 50(a) MOTIONS**

    A.  **Rule 50(a)**

Federal Rule of Civil Procedure 50(a) provides for judgment as a matter of law (which was once known as directed verdict). This Rule states:

> (a) Judgment as Matter of Law.
>    (1) . . . If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>       (A) resolve the issue against the party; and

---

[1] "Depakote" refers to Abbott's group of prescription drugs with the basic active ingredient valproic acid. Depakote is also sometimes referred to by the chemical names "valproic acid," "valproate," or "divalproex sodium." Depakote is an anti-epilepsy drug ("AED") that has been marketed by Abbott in the United States in some form since 1978.

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1)(A)–(B).

The Supreme Court has stated that in making this determination, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Supreme Court has instructed further, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Id.* (citation omitted).

## II. ANALYSIS

Defendants move for judgment as a matter of law on breach of express warranty and OPLA nonconformance with representations, implied warranty, negligent design defect, strict liability and negligent failure to warn, and punitive damages.

### A. Breach of Express Warranty and OPLA Nonconformance with Representations

The parties diverge over the issue of whether Plaintiffs may pursue a breach of express warranty claim and a statutory claim for noncomformance with representations. Defendants contend the former has been codified and, as a result, no common law claim exists. Plaintiffs argue they may pursue both a breach of express warranty claim in common law and a statutory failure to conform to representations claim under the OPLA. In support of this argument, Plaintiffs rely primarily upon two cases, *Lonzrick v. Republic Steel Corp.*, 6 Ohio St. 2d 227, 236 (Ohio 1966) and *White v. DePuy, Inc.*, 129 Ohio App. 3d 472, 485 (Ohio App. 1998). Plaintiffs assert these cases establish that a common law breach of express warranty claim parallels but

2

remains distinct from an OPLA nonconformance with representations claim. The Court is not persuaded that these cases demonstrate that a separate breach of express warranty claim exists at common law. Rather, the claim has been subsumed by the statutory claim codified at Ohio Rev. Code § 2307.77. *Cervelli v. Thompson/Center Arms*, 183 F. Supp. 2d 1032, 1045 (S.D. Ohio 2002) ("In Ohio, the common law claim for breach of express warranty has been codified and is found at R.C. § 2307.77[.]"). As such, Defendants' Motion on Plaintiffs' breach of express warranty claim will be **GRANTED**.

With respect to Plaintiffs' nonconformance with representations statutory claim, Defendants' Motion will be **DENIED,** as the Court finds that a reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiffs on this claim.

### B. Implied Warranty Claims

Defendants move for judgment as a matter of law on Plaintiffs' implied warranty claims, which have been pled as implied warranty of merchantability and implied warranty of fitness for a particular purpose. Defendants argue there is no implied warranty for fitness for a particular purpose claim separate and apart from an implied warranty and/or implied warranty of merchantability claim. The Court does not find persuasive the law submitted by the Plaintiffs to the Court in support of their position that these two claims exist separately in common law. The cases cited by Plaintiffs to support the proposition that an implied warranty for fitness for a particular purpose claim exists separately from an implied warranty for merchantability claim mention the claim in passing but provide no guidance as to its viability. S*ee Shorter v. Neapolitan,* 179 Ohio App. 3d 608, 616 (Ohio App. 2008) (noting that implied warranty of fitness for a particular purpose generally arises out of tort for purposes of a statute of limitations analysis); *Moorhead v. Carborundum Co.*, 1983 WL 4345, at *3 (Ohio App. 1983) (mentioning

3

in passing that the appellee was pursuing several claims, including a breach of implied warranty of fitness for a particular use). Accordingly, the Court does not find that an implied warranty of fitness for a particular purpose exists separate from an implied warranty for merchantability claim.

Turning to that claim, Ohio courts have found that there is virtually no distinction between an Ohio statutory claim for design defect and the common law claim for breach of implied warranty. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013) (applying Ohio law) (stating the tortious breach of warranty claim is also known in Ohio as strict liability or breach of implied warranty). For the reasons expounded upon by the Court in its ruling on Plaintiffs' strict liability design defect claim therefore extend to Plaintiffs' implied warranty of merchantability claim. *See Rheinfrank v. Abbott Labs., Inc.*, No. 1:13-cv-144, --- F. Supp. 3d ---, 2015 WL No. 5836973, at *5–6 (S.D. Ohio Oct. 2, 2015) (order on motion for reconsideration of summary judgment). Accordingly, the Court will **GRANT** Defendants' Motion with respect to Plaintiffs' implied warranty claims.

### C. Negligent Design, Strict Liability Failure to Warn, Negligent Failure to Warn, and Punitive Damages

With regard to Defendants' Motion on Plaintiffs' negligent design, strict liability failure to warn, negligent failure to warn, and punitive damages claims, the Court finds that a reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiffs on those issues.

4

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

Judge Susan J. Dlott
United States District Court